GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>S. Waite, et al.,<br><br>　　　　　Defendants. | CV-22-00375-TUC-RM<br><br>**DEFENDANT'S MOTION<br>FOR SUMMARY JUGMENT<br>ON EXHAUSTION** |

　　　　The United States of America, by and through undersigned counsel, hereby moves for summary judgment on Plaintiff's First Amended Complaint based on Plaintiff's failure to exhaust administrative remedies *before* filing suit as the Prison Litigation Reform Act (PLRA) requires. This motion is based on the following memorandum of points and authorities, the separately filed statement of facts and all matters of record.

**Memorandum of Points and Authorities**

**I.　　Background**

　　**A.　　Plaintiff**

　　　　Plaintiff currently is housed at the United States Penitentiary Allenwood, Pennsylvania (USP Allenwood). (Statement of Facts (SOF) 1.) Previously, she was incarcerated at USP Tucson. (*Id.*) Plaintiff is serving 252 months for Mailing Threatening Communications, 18 U.S.C. § 876; False Statement, *id.* § 1001(a)(2); Threat to a Juror, *id.* § 876(c); and Threats Against the President, *id.* § 871(a). (SOF 2.) Plaintiff is projected to

release on October 5, 2026.  (SOF 3.)

### B. Complaint

Plaintiff filed a Complaint against Dr. Waite, the Federal Bureau of Prisons (Bureau) and the United States alleging that she "has a history of serious and chronic substance abuse including with opioid medications." (Doc. 1 at 7.)  She filed suit under *Bivens,* the Federal Tort Claims Act (FTCA) and the Rehabilitation Act (RA) seeking monetary damages and an "[i]njunction enjoining defendant BOP from denying plaintiff Methadone or Buprenorphine while in custody." (*Id.* at 3-6.)  Upon screening, this Court dismissed Dr. Waite and the Bureau and Plaintiff's *Bivens*, FTCA and RA claims and allowed her Eighth Amendment claim for injunctive relief for deliberate indifference as to medical care to go forward as to the United States only.  (Doc. 8 at 13.)

### C. First Amended Complaint (FAC)

On February 23, 2023, Plaintiff filed a motion seeking leave to file the FAC.  (Doc. 22.)  On May 30, 2024, the Court granted the motion and ordered the FAC filed.  (Doc. 50.)  In the FAC, Plaintiff was seeking to bring the Bureau back as a defendant and to add a non-federal defendant, Alkermes, Inc.  (Doc. 51.)  She alleged an Eighth Amendment claim against the Bureau and an FTCA medical care claim against the United States.  (*Id.* at 3-4.)   She also alleged multiple tort claims against Alkermes.  (*Id.* at 5.)  Upon screening, this Court dismissed the Bureau, the FTCA claim and the claims against Alkermes for failure to state a claim.  (Doc. 50 at 7-9.)  This Court again allowed the Eighth Amendment medical care claim to go forward as to the United States for injunctive relief only.  (*Id.* at 7.)

### D. Second Motion for Leave to File Second Amended Complaint

Plaintiff filed a second motion to amend her FAC, seeking to bring a three count Proposed SAC, including two *Bivens* claims against Dr. Waite and three individuals who were not named in her Complaint or the FAC and an FTCA action against the United States.  (Doc. 102.)  Plaintiff also named Bureau Director Collette Peters in her official capacity only for injunctive relief.  (Doc. 102-2 at 5.)

For relief, Plaintiff sought $100,000 in damages against each of the four *Bivens* defendants, $250,000 in damages against the United States in Count Two and four injunctions. (Doc. 102-2 at 9.)

The Court has not yet ruled on Plaintiff's motion to amend. (Docket, generally.)

### E. Bureau's Administrative Remedy Program

The Bureau's Administrative Remedy Program is designed to allow an inmate to seek formal review of an issue relating to any aspect of her confinement. 28 C.F.R. § 542.10(a). The program contains four levels of review. Initially, an inmate is required to attempt to informally resolve her grievance with Unit Team staff. 28 C.F.R. § 542.13(a). If the inmate is unable to resolve the grievance informally, she may submit an Administrative Remedy Request to the Warden using the BP-9 Form within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. §§ 542.13(a), 542.14. If the inmate is not satisfied with the Warden's response, she may submit an Appeal on the BP-10 Form to the Regional Director within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15. If the inmate is not satisfied with the Regional Director's response, she may submit a Central Office Administrative Remedy Appeal (BP-11) to the Director, National Inmate Appeals, in the Office of the General Counsel within 30 days of the date the Regional Director signed the response. *Id.* The appeal to the General Counsel is the final level of administrative review. *Id.* An inmate, therefore, has not administratively exhausted her claim until she has filed a BP-11 with the General Counsel and (1) the General Counsel has responded on the merits to the inmate's BP-11 or (2) the General Counsel has failed to respond within the time allotted. 28 C.F.R. § 542.18. (SOF 6.) Only after this procedure is completely exhausted is a prisoner authorized to file suit in district court. 42 U.S.C. § 1997e(a). (SOF 6, 7.)

The Administrative Remedy Coordinator at any level may reject and return to the inmate without response a Request for Administrative Remedy or appeal that does not meet procedural requirements as outlined in the Code of Federal Regulations. *See* 28 C.F.R. § 542.17(a). (SOF 6.)

The Administrative Remedy Program Statement regarding the administrative remedy procedures is available to USP Tucson inmates in the main law library and in the Electronic Law Library in the Special Housing Unit (SHU).  (SOF 10, 13.)  Additionally, when an inmate arrives at USP Tucson, she participates in an Admission and Orientation (A&O) Program, during which she is given instructions on the Administrative Remedy Program, how to obtain and submit the appropriate forms and how to exhaust claims through all levels of the Administrative Remedy Program.  (SOF 11.)  She also is given a copy of the A&O Handbook, which includes information on the Administrative Remedy Program.  (SOF 12.)

An inmate may obtain the administrative remedy or appeal forms from, and submit completed forms to, any Unit Team member.  (SOF 14.)  The Unit Team is comprised of the Unit Manager, Case Manager, Correctional Counselor and Unit Secretary.  (*Id*.)  While the "Correctional Counselor will initial, date, and write the inmate's last name on the top right hand section of the form for accountability purposes[,]" there is no requirement that an inmate provide a reason for needing an administrative remedy form to obtain that form.  (SOF 15.)

Inmates may utilize an Inmate Request to Staff Member (form BP-S148), commonly called a Cop-Out, to make any written request, including that she believes that her Unit Team is not providing her with administrative remedy forms or is not properly processing administrative remedy forms.  (SOF 16.)  She can make the requests to any staff member, including Associate Wardens and the Warden.  (SOF 17.)  An inmate may file an inmate request to staff (cop-out), informal grievance (BP-8), or formal grievance (BP-9, BP-10, or BP-11) while in general population or while housed in the SHU.  *See* 28 C.F.R. § 541.31(o) ("You can submit a formal grievance challenging any aspect of your confinement in the SHU through the Administrative Remedy Program[.]").  (SOF 17.)

**F.     Plaintiff's Administrative Remedies**

Between June 1, 2022, and April 4, 2024, Plaintiff filed 110 administrative remedies and/or appeals.  (SOF 20.)  During that time, Plaintiff filed six appeals to the

Central Office. (SOF 22, 26.) Four were exhausted, and two were rejected. (*Id.*) One of the exhausted remedies was a request for an alternative to Vivitrol. (SOF 22.) However, that remedy was not initiated until September 11, 2023, and was not exhausted until **March 13, 2024**. (SOF 22, 24.) Meanwhile, Plaintiff had submitted the FAC on February 23, 2023, and the Court had filed it on May 30, 2023.[1]

## II. The Court should grant summary judgment because Plaintiff failed to exhaust her administrative remedies before filing suit.

### A. Legal Standard for Motion for Summary Judgment

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott*, 550 U.S. at 380 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The nonmovant need not establish a material issue of fact conclusively in its favor. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968). However, he must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita*, 475 U.S. at 587 (internal citation omitted, emphasis in original). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and

---

[1] Plaintiff dated the FAC February 17, 2023. (Doc. 51 at 6.)

defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

Additionally, if "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. In deciding the motion, the Court must consider whether Plaintiff's claims are supported by plausible *factual* statements or by conclusory allegations or directly contradicted by the record. *Soremekun*, 509 F.3d at 984; *Scott*, 550 U.S. at 380.

### B. Prisoners are required to exhaust administrative remedies *before* filing an action.

The PLRA provides that no prisoner shall bring an action "with respect to prison conditions" under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Federal prisoners suing must first exhaust inmate grievance procedures. *Porter*, 534 U.S. at 524. Exhaustion is a prerequisite to suit, and all "available" remedies must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.*

An inmate must fully exhaust all administrative remedies *before* he files the complaint, or the case must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199-200 (9th Cir. 2002). *See also Pinson v. U.S. Dep't of Justice*, No. Case 4:19-cv-00235-RM, Dkt 43 at 7-8 (D. Ariz. Aug. 13, 2020) (dismissing claim "without prejudice for failure to exhaust prior to filing her claim" when plaintiff did not "complete the final step in the exhaustion process until June 15, 2019, after she filed her First Amended Complaint on June 6, 2019.").

Administrative exhaustion protects an administrative agency's authority, discouraging disregard of its procedures and permitting it to correct its own errors. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Administrative exhaustion also promotes efficiency by permitting matters to be handled administratively, where a resolution often

can be reached more quickly than in the courts. *Id.* Additionally, administrative exhaustion promotes judicial economy by "reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

The inmate must complete the administrative review process in accordance with the applicable rules. *See Woodford*, 548 U.S. at 94. Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Proper exhaustion under § 1997e(a) requires following "all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (cleaned up) (emphasis in original). To properly exhaust, an inmate must comply with the grievance procedures, rules and deadlines of the institution where he is incarcerated. *Jones*, 549 U.S. at 218.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (*quoting Booth,* 532 U.S. at 739). Exhaustion is now mandatory, and there is no discretion to excuse it. *Id.*

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Failure to exhaust should be raised in a motion for summary judgment: "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166.

The defendant has the burden to show that "there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. Once the defendant has met this burden, the burden shifts to the plaintiff to demonstrate "that there is something in his particular case that made the existing and

generally available administrative remedies effectively unavailable to him." *Id.*

**C.   Plaintiff failed to exhaust administrative remedies before filing the FAC.**

On June 3, 2022, Plaintiff was given an Inmate Admission & Orientation (A&O) Handbook,[2] which describes the administrative remedy process. (SOF 4.) The A&O Handbook provides detailed information on how inmates may obtain administrative remedy forms, including that inmates may obtain forms from their Correctional Counselor or any Unit Team member.[3] (SOF 11, 12.)

As detailed above, the record clearly shows that Plaintiff did not appeal properly an administrative remedy regarding the issues in the FAC to the highest level *before* filing suit. She chose instead to file suit before beginning the process. Plaintiff did not exhaust administrative remedies regarding the issues in the FAC until over a year after she submitted her FAC to the Court.

Under Bureau regulations, no administrative remedy is fully exhausted until the inmate has submitted a proper BP-11 to the Central Office and received a response or the time to respond has expired. (SOF 6-7.) Plaintiff did not submit her BP-11 to the Central Office regarding the issues in the FAC until January 18, 2024, almost a year after filing the FAC. (SOF 25.) In fact, Plaintiff did not even start the process until at least September 11, 2023, almost seven months after she signed the FAC. (Compare Doc. 113-9 at 2 with Doc. 51 at 6).

Plaintiff failed to complete the administrative review process in accordance with the applicable rules. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 94. She did not properly follow the steps, "so that the agency [could] address[] the issues on the merits" before she filed suit. *See id*. (cleaned up). This Court should dismiss the FAC for Plaintiff's failure to exhaust administrative remedies *before* filing. *See McKinney*, 311 F.3d at 1199 (holding that when inmate fails to exhaust before filing the complaint, "dismissal is required under 42 U.S.C. § 1997e(a)"); *Pinson*, No. Case 4:19-cv-00235-RM,

---

[2] Plaintiff acknowledged receipt of the A&O Handbook on June 3, 2022. (SOF 4.)
[3] The Unit Team is comprised of the Unit Manager, Case Manager, Correctional Counselor and Unit Secretary. (SOF 14.)

Dkt 43 at 7-8 (dismissing claim "without prejudice for failure to exhaust prior to filing her claim" when plaintiff did not "complete the final step in the exhaustion process until June 15, 2019, after she filed her First Amended Complaint on June 6, 2019."). Accordingly, this Court should grant judgment for the United States on the FAC.

### III. Conclusion

Plaintiff failed to comply with the PLRA's requirement that she exhaust available administrative remedies *before* filing the FAC. The Court should grant summary judgment for the United States for Plaintiff's failure to exhaust administrative remedies.

Based on the foregoing, the United States respectfully requests that this Court grant summary judgment on the FAC for Plaintiff's failure to exhaust administrative remedies.

RESPECTFULLY SUBMITTED: June 6, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Copy of the foregoing sent via
U.S. mail on June 6, 2024, to

Jeremy Pinson
Register Number 16267-064
USP Allenwood, U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887
*Plaintiff Pro Se*

s/ *M. Parker*
/ MSJ - Exhaustion